**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | :     **CASE NO. 22-cr-33-02** |
| | : |
| **JOSEPH PAUL BERGER** | : |
| | : |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Joseph Paul Berger, through counsel, respectfully submits this Memorandum to provide information to assist the Court in fashioning a just and fair sentence in this case. The Presentence Investigation Report ("PSR") calculates Mr. Berger's sentencing guideline range to be 37-46 months' imprisonment. PSR ¶ 68. The parties entered a guilty plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) providing for a sentence between 37-46 months of imprisonment, the same as the guideline range calculated in the PSR. Mr. Berger has no prior contacts with the criminal justice system, has honorably served in the United States Navy, and his criminal conduct is a wholly possessory offense – he did not threaten or hurt anyone with the firearms that he possessed nor did he provide any firearms to others. They were possessed in his own home purely for his own enjoyment as a hunter, a sports shooter, and a gun enthusiast. For these reasons, as well as those described below, Mr. Berger respectfully submits that a sentence of 37 months' imprisonment is sufficient but not greater than necessary to satisfy the sentencing factors under 18 U.S.C. § 3553(a).

## I.  PROCEDURAL HISTORY

In January 2021, Mr. Berger and his father (co-defendant) were found to jointly possess in a secured room in their home 12 fully automatic guns (also known as machineguns) and 13

suppressors (also known as silencers). Neither the machineguns nor the suppressors were legally registered with ATF.

On February 1, 2022, a grand jury sitting in the Eastern District of Pennsylvania returned a three-count Indictment charging Mr. Berger with possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count One); possession of a non-registered machinegun, in violation of 26 U.S.C. §§ 5845(a)(6), 5861(d), and 5871 (Count Two); and possession of a non-registered suppressor, in violation of 5845(a)(7), 5861(d), and 5871 (Count Three).

On February 28, 2024, Mr. Berger pled guilty to Counts One and Three pursuant to a guilty plea agreement. Sentencing is scheduled for June 12, 2024.

Mr. Berger has been incarcerated since his arrest on these charges and will have been incarcerated for approximately 30 months as of the date of the sentencing proceedings.

## II.    SENTENCING CONSIDERATIONS

As set forth by the Third Circuit in *United States v. Merced*, 603 F.3d 203 (3d Cir. 2010), a sentencing court must, in every case,

> First . . . correctly calculate the defendant's Guidelines range. Second, it must rule on any motions for departures. Finally, after giving both parties an opportunity argue for whatever sentence they deem appropriate, the court must exercise[] its discretion through meaningful consideration to the § 3553(a) factors before deciding on a sentence.

*Merced*, 603 F.3d at 215 (internal citations and quotation marks omitted).

The overarching goal of this three-part process is the imposition of a sentence "sufficient, but not greater than necessary," to achieve the goals of sentencing.  *See* 18 U.S.C. § 3553(a)[1];

---

[1]    The sentencing factors set forth in § 3553(a) include:
- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the kinds of sentence available;

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

## III.    SENTENCING GUIDELINES

According to the PSR, Mr. Berger's total offense level is 21 and his criminal history category is I, resulting in a sentencing guideline range of 37-46 months. PSR ¶ 69. Mr. Berger has no objection to this guideline calculation.

## IV.    SENTENCING FACTORS

The following sentencing factors support a sentence at the bottom of the agreed upon sentencing range:

### A.    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)

Mr. Berger has accepted responsibility for his possession of these items and has agreed to a sentencing within the suggested range. However, this was an entirely possessory offense with no victim. Mr. Berger did not hurt or threaten anyone with these items. He did not transfer them to others. He stored them responsibly in a locked room in his own home. As noted in the PSR, Mr. Berger and his father possessed these items as a hobby. PSR ¶ 85. As a child, Mr. Berger participated in Boy Scouts, attaining the rank of Eagle Scout, and enjoyed outdoor activities, including shooting sports and hunting. PSR ¶ 42; Ex. C (Eagle Scout citations and Presidential recognition for volunteer activities). At one point, he wanted to design and manufacture guns for a living, an entirely legal and respectable job goal for a boy who enjoyed shooting sports and was considering military service.

---

- •       the Guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range;
- •       the need to avoid unwarranted sentencing disparity; and
- •       the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

After graduating high school, Mr. Berger enlisted in the U.S. Navy. PSR ¶ 62. While on active duty, he trained and served as a gunner's mate, and earned the Navy and Marine Corps Achievement Medal, the Navy Good Conduct Medal, the National Defense Service Medal, the Global War on Terrorism Service Medal, the Sea Service Deployment Ribbon, the Navy Rifle Marksmanship Ribbon, and the Navy Pistol Marksmanship Ribbon. Ex. A (DD-214). His service included deployments in Africa and the Persian Gulf. Mr. Berger served from 2008 to 2012 and was honorably discharged from active duty. *Id.* In an evaluation submitted upon the end of active service, Mr. Berger's Commanding Officer on the USS Gonzalez wrote the following:

> A dedicated worker with an outstanding attitude, Petty Officer Berger sets the bar for high performance. He has greatly contributed to the success of the GONZALEZ.
> --Excellent Professional Knowledge. Greatly exceeds the expectations for in-rate knowledge, GM2 Berger provided excellent weapons training to his duty section and provided in-rate training to other GM's. He played a major role in correcting over 50 material discrepancies in preparation for GONZALEZ' upcoming INSURV.
> --Motivated Team Player. Assisted in the onloading of over 20 powders and projectiles as well as small arms ammunition in support of pre-INSURV events and maintenance checks.
> --Outstanding Initiative. Assisted in the requalification of over 50 personnel in small arms and crew served weapons as a small arms line coach. Served as SCAT .50 Cal gunner for more than 20 Sea and Anchor evolutions. He also served as the ship's subject matter expert in regards to small arms for his extensive knowledge of firearms.
> An outstanding worker technician and overall excellent Sailor. GM2 is strongly recommended for future military or government employment. He will be a great loss to GONZALEZ!

Ex. B (Evaluation Report) at 2. Upon his discharge from active duty, Mr. Berger was transferred to the Navy Reserve and was honorably discharged from the Navy Reserve in 2016. Ex. C (Honorable Discharge from United States Navy Reserve).

After discharge from active military service, Mr. Berger remained employed and/or in school. He worked at the Heritage Guild, a gun store and shooting range, from 2013 to 2017. PSR ¶ 61. From 2017 to 2019, he worked part time as a security guard. PSR ¶ 60. And from 2019 until the date of his arrest, he worked full-time as a boring machine operator for Leigh Heavy Forge Corporation. PSR ¶ 58. Over the same period of time, Mr. Berger completed a machinist program at the Bethlehem Area Vocational-Technical School. PSR ¶ 56. He then earned an Associate of Arts degree in applied science from Northampton County Community College, and he later earned a Bachelor of Arts degree from DeSales University, Center Valley, Pennsylvania. PSR ¶¶ 54-55; Ex. E.

In addition to earning a college degree and being fully employed, Mr. Berger also helped care for his parents and their home. Both of his parents have various health issues and relied on Mr. Berger to help take care of the chores and tasks that required heavy lifting and significant physical labor. PSR ¶¶ 45-46.

Given the possessory nature of the offense and Mr. Berger's history of military service and productive employment, a sentence no greater than 37 months of imprisonment would be appropriate.

**B.      The Need for the Sentence Imposed to Promote Certain Statutory Objectives, 18 U.S.C. § 3553(a)(2)**

*1.      To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

This case involves a first-time offender, is fully non-violent, and has no individual, identifiable victim. The guideline range is driven by the number of "firearms" whose definition includes suppressors, a firearms accessory. If the guideline range were calculated only based on the number of machineguns, the guideline range would have been 30-37 months. Given these

circumstances, a sentence of 37 months' imprisonment is certainly sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

> 2.   *To afford adequate deterrence to criminal conduct.*

Mr. Berger's prosecution and conviction in federal court, along with a sentence of 37 months' imprisonment, provides a more-than-adequate general deterrent to other, similarly-situated individuals. It is well-established that the *certainty* of punishment, not the *severity* of it, has the most significant general deterrent effect.[2]

> 3.   *To protect the public from further crimes of the defendant.*

As a first-time offender who has otherwise led a productive life of service to his country and community, the simple fact of prosecution and any amount of jail time at all is sufficient to prevent Mr. Berger from committing any future offenses.[3]

---

[2]     Academic literature universally accepts that certainty of punishment, and not severity of punishment, is the most effective general deterrent.  *See, e.g.*, Cesare Beccaria, *On Crimes and Punishments and Other Writings* 63 (Richard Bellamy, ed.; Richard Davis, trans., Cambridge University Press 1995) (1764); Frank H. Easterbrook, *Criminal Procedure as a Market System*, 12 Legal Stud. 289, 295 & n.7 (1983); Alfred Blumstein, *Prison*, in Crime 387, 408-409 (Wilson & Petersilia, eds., 1995); Daniel S. Nagin & Greg Pogarsky, *Integrating Celerity, Impulsivity, and Extralegal Sanction Threats into a Model of General Deterrence: Theory and Evidence*, 39 Criminology 865 (2001); Michael Tonry, *The Functions of Sentencing and Sentencing Reform*, 58 Stan. L. Rev. 37, 52-54 (2005); Raymond Paternoster, *How Much do we Really Know about Criminal Deterrence?*, 100 J. Crim. L. & Criminology 765, 818 (2010) ("The safest conclusion from the literature thus far would be that the perception of certain legal and extralegal sanctions does seem to act as a modest deterrence factor, but that the perceived severity and celerity of punishment do not appear to be effective deterrents to crime, and we know virtually nothing about celerity.").

[3]     There is also growing evidence that longer prison terms do not have a greater specific deterrent effect than lesser ones.  Daniel S. Nagin, Francis T. Cullen, & Cheryl Lero Jonson, *Imprisonment and Reoffending*, 38 Crime & Just. 115, 178 (2009) ("[A] key finding of our review is that the great majority of studies point to a null or criminogenic effect of the prison experience on subsequent offending.  This reading of the evidence should, at least, caution against wild claims . . . that prisons have special powers to scare offenders straight.").

4.      *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Berger has tangible skills as a machinist and a college degree. He does not suffer from any drug or alcohol addiction and he reports no mental health illnesses. Incarceration is not necessary for purposes of rehabilitation, education, or vocational training.

### C.      Kinds of Sentences Available, 18 U.S.C. § 3553(a)(3)

The range of sentences statutorily available to the Court are listed in Part D of the PSR. A 37-month term of imprisonment is within the statutorily available range.

### D.      The Need to Avoid Unwarranted Disparities and Unwarranted Similarities, 18 U.S.C. § 3553(a)(6)

A sentence of 37 months' imprisonment would be within the sentencing guideline range and it would be within the range agreed upon by the parties. It would not result in an unfair and unwarranted disparity.

### E.      The Need to Provide Restitution to Any Victims of the Offense, 18 U.S.C. § 3553(a)(7)

There are no identifiable victims to this offense and restitution is not applicable in this case. PSR ¶ 16, 81-82.

## V.    CONCLUSION

For the reasons stated above, the defense respectfully requests that this Court impose a sentence of 37 months' imprisonment.


Respectfully submitted,


DATE: June 5, 2024_                    /s/ Susan M. Lin_____
                                       Susan M. Lin
                                       KAIRYS, RUDOVSKY, MESSING, FEINBERG
                                            & LIN LLP
                                       The Cast Iron Building
                                       718 Arch Street, Suite 501 South
                                       Philadelphia, PA  19106
                                       (215) 925-4400
                                       (215) 925-5365 (fax)

                                       *Counsel for Joseph Paul Berger*

# EXHIBIT A

ION: NOT TO BE USED FOR
TIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED AREAS
RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| BERGER, JOSEPH PAUL | NAVY-USN | |

| 4a. GRADE, RATE OR RANK | b. PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |
|---|---|---|---|
| GM2 | E5 | 1989 | 20160429 |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| FORT DIX, NJ | BETHLEHEM, PA 18020 |

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | b. STATION WHERE SEPARATED |
|---|---|
| USS GONZALEZ (DDG 66) | USS GONZALEZ (DDG 66) AT NORFOLK, VA |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | NONE |
|---|---|---|
| COMMANDER, NAVY PERSONNEL COMMAND (PERS-912), MILLINGTON, TN 38055 | AMOUNT: $400,000 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| GM- 0981 MK-41 VERTICAL LAUNCHING SYSTEM | a. DATE ENTERED AD THIS PERIOD | 2008 | 10 | 06 |
| MAINTENANCE TECHNICIAN (02YRS, 08MOS). | b. SEPARATION DATE THIS PERIOD | 2012 | 10 | 05 |
| X X X X X X | c. NET ACTIVE SERVICE THIS PERIOD | 04 | 00 | 00 |
| X X X X X X | d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| X X X X X X | e. TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| X X X X X X | f. FOREIGN SERVICE | 00 | 00 | 00 |
| X X X X X X | g. SEA SERVICE | 02 | 08 | 02 |
| X X X X X X | h. INITIAL ENTRY TRAINING | 00 | 08 | 08 |
| X X X X X X | i. EFFECTIVE DATE OF PAY GRADE | 2011 | 12 | 16 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) |
|---|---|
| NAVY AND MARINE CORPS ACHIEVEMENT MEDAL; NAVY GOOD CONDUCT MEDAL; NATIONAL DEFENSE SERVICE MEDAL; GLOBAL WAR ON TERRORISM SERVICE MEDAL; SEA SERVICE DEPLOYMENT RIBBON; NAVY RIFLE MARKSMANSHIP RIBBON; NAVY PISTOL MARKSMANSHIP RIBBON. X     X     X     X     X     X | RECRUIT TRAINING (BMT), 08WKS, NOV08; SURFACE COMMON CORE COMBAT RATINGS, 05WKS, JAN09; GUNNER'S MATE APPRENTICE TECHNICAL TRAINING, 05WKS, APR09; GUNNER'S MATE "A" SCHOOL, 12WKS, AUG09; MK 41 VERTICAL LAUNCHING SYSTEM OPERATION & MAINTENANCE BASELINE III, 12WKS, FEB10; NAVY SECURITY |

| | | | YES | NO |
|---|---|---|---|---|
| 15a. COMMISSIONED THROUGH SERVICE ACADEMY | | | | X |
| b. COMMISSIONED THROUGH ROTC SCHOLARSHIP (10 USC Sec. 2107b) | | | | X |
| c. ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap. 109) (If yes, years of commitment:          ) | | | | X |

| 16. DAYS ACCRUED LEAVE PAID | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO |
|---|---|---|---|
| 29.5 | | | X |

| 18. REMARKS |
|---|
| BLK 14 CONT: FORCE SENTRY, 02WKS, MAR11. SUBJECT TO ACTIVE DUTY RECALL/ANNUAL SCREENING. EMAIL: GODSGUNNEA@LIVE.COM. PHONE: (484) 788-5752.     X     X     X     X     X     X     X     X |
| X     X     X     X     X     X     X     X     X     X     X     X |
| X     X     X     X     X     X     X     X     X     X     SER:21833-12-3296-AP |
| The information contained here in is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program. |

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) | b. NEAREST RELATIVE (Name and address - Include Zip Code) |
|---|---|
| 3401 LEHIGH STREET | 3401 LEHIGH STREET     JOSEPH BERGER (FATHER) |
| BETHLEHEM, PA 18020 | BETHLEHEM, PA 18020 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality) | PA | OFFICE OF VETERANS AFFAIRS | X YES | NO |
|---|---|---|---|---|
| a. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | | | X YES | NO |

| 21a. MEMBER SIGNATURE | b. DATE (YYYYMMDD) | 22a. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title, signature) | b. DATE (YYYYMMDD) |
|---|---|---|---|
| | 20120917 | R. G. PARKER, GS7, HR SUPVR BY DIR | 20120917 |

| SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only) | |
|---|---|
| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
| Released from Active Duty and Transferred to the Navy Reserve | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| MILPERSMAN 1910-104 | MBK | RE-R1 |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| COMPLETION OF REQUIRED ACTIVE SERVICE |

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) | 30. MEMBER REQUESTS COPY 4 (Initials) |
|---|---|
| TI  NONE | JPB |

# EXHIBIT B

# EVALUATION REPORT & COUNSELING RECORD (E1-E6)

| 1. Name (Last, First MI Suffix) BERGER, JOSEPH P | | | 2. Rate GM2 | 3. Desig | | RCS BU |
|---|---|---|---|---|---|---|
| 5. ACT  X   FTS   INACT AT/ADSW.  265 | 6. UIC 21833 | 7. Ship/Station  DDG 66 GONZALEZ | | | | 4 SSN |
| Occasion for Report | | | | | 8. Promotion | 9. Date |
| 10. Periodic | 11. Detachment of Individual [X] | Promotion/ 12. Frocking | 13. Special [ ] | | REGULAR | 10F |
| 16. Not Observed Report | Type of Report  17. Regular [X] | Period of Report | | | | |
| | | 14. From: 12MAR16 | | | | 15. To: 12OC |
| 22. Reporting Senior (Last, FI MI) GANTT, W K | 23. Grade LCDR | 18. Concurrent 24. Desig 1110 | 25. Title XO | 19. Physical Readiness P | | 21. Billet Subcategor NA |

| 28. Command employment and command achievements. |
|---|
| MOB-D-1, MOB-E-1, MOB-N-1, EXPSAF-1, FSO-M-1, CCC-1, NSFS-1, FPEX-1, ASW/STW 2.4-1, S 3M CERT-1, USW 2.4, BASIC PHASE-4, CMAV-2, IKE C2X-2, SOCOM SUPPORT-1, INSURV PIA/PRE FLEET WEEK NYC-1, 1812 PARADE OF SAIL-1, 1812 FLEETEX, TOWEX-1, PIA-2. |

| 26. UIC 21833 | 27. SSN |
|---|---|

| 29. Primary/Collateral/Watchstanding duties. (Enter primary duty abbreviation in box.) |
|---|
| _____ PRI: VLS TECHNICIAN-6.  VLS TECH maintenance. COLL: SCAT .50 Cal Gunner-6, Responsible for MK-41 VLS operation and WATCH: (U/W) LCU Operator-6; (I/P) Duty UNREP Linehandler-6, Small Arms Line Coach- Armorer-6, Sentry-6, MOOW-6. PFA: 12-1. |

For Mid-term Counseling Use. (When completing EVAL, enter 30 and 31 from counseling worksheet, sign 32.)

| 30. Date Counseled NOT REQ | 31. Counselor |
|---|---|

32. Signature of Individual Counseled

PERFORMANCE TRAITS: 1.0 - Below standards/not progressing or UNSAT in any one standard; 2.0 - Does not yet meet all 3.0 standards; 3.0 - Meets all 3.0 standards; 4.0 - Exceeds most 3.0 standards; 5.0 - Meets overall criteria and most of the specific standards for 5.0. Standards are not all inclusive.

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Pro-gressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 33. PROFESSIONAL KNOWLEDGE: Technical knowledge and practical application | - Marginal knowledge of rating, specialty or job. - Unable to apply knowledge to solve routine problems. - Fails to meet advancement/PQS requirements. | | - Strong working knowledge of rating, specialty and job. - Reliably applies knowledge to accomplish tasks. - Meets advancement/PQS requirements on time. | | - Recognized expert, sought out by all fo technical knowledge. - Uses knowledge to solve complex technical problems. - Meets advancement/PQS requirements early/with distinction. |
| NOB [ ] | | | | | |
| 34. QUALITY OF WORK: Standard of work; value of end product. | - Needs excessive supervision. - Product frequently needs rework. - Wasteful of resources. | | - Needs little supervision. - Produces quality work. Few errors and resulting rework. - Uses resources efficiently. | [X] | - Needs no supervision. - Always produces exceptional work. No rework required. - Maximizes resources. |
| NOB [ ] | | | | | |
| 35. COMMAND OR ORGANIZATIONAL CLIMATE/EQUAL OPPORTUNITY: Contributing to growth and development, human worth, community. | - Actions counter to Navy's retention/ reenlistment goals. - Uninvolved with mentoring or professional development of subordinates. - Actions counter to good order and discipline and negatively affect Command/ Organizational climate. - Demonstrates exclusionary behavior. Fails to value differences from cultural diversity. | | - Positive leadership supports Navy's increased retention goals. Active in decreasing attrition. - Actions adequately encourage/support subordinates' personal/professional growth. - Demonstrates appreciation for contributions of Navy personnel. Positive influence on Command climate. - Values differences as strengths. Fosters atmosphere of acceptance/inclusion per EO/EEO policy. | [X] | - Measurably contributes to Navy's increased retention and reduced attrition objectives. - Proactive leader/exemplary mentor. Involve in subordinates' personal development leadi to professional growth/sustained commitme. - Initiates support programs for military, civilian, and families to achieve exceptional Command and Organizational climate. - The model of achievement. Develops unit cohesion by valuing differences as strengths. |
| NOB [ ] | | | | | |
| 36. MILITARY BEARING/ CHARACTER: Appearance, conduct physical fitness, adherance to Navy Core Values. | - Consistently unsatisfactory appearance. - Poor self-control; conduct resulting in disciplinary action. - Unable to meet one or more physical readiness standards. - Fails to live up to one or more Navy Core Values: HONOR, COURAGE, COMMITMENT. | | - Excellent personal appearance. - Excellent conduct conscientiously complies with regulations. - Complies with physical readiness program. - Always lives up to Navy Core Values: HONOR, COURAGE, COMMITMENT. | [X] | - Exemplary personal appearance. - Model of conduct, on and off duty. - A leader in physical readiness. - Exemplifies Navy Core Values: HONOR, COURAGE, COMMITMENT. |
| NOB [ ] | | | | | |
| 37. PERSONAL JOB ACCOMPLISHMENT/ INITIATIVE: Responsibility, quantity of work. | - Needs prodding to attain qualification or finish job. - Prioritizes poorly. - Avoids responsibility. | | - Productive and motivated. Completes tasks and qualifications fully and on time. - Plans/prioritizes effectively. - Reliable _____ | [X] | - Energetic self-starter. Completes tasks or qualifications early, far better than expected. - Plans/prioritizes _____ |

EVALUATION REPORT & COUNSELING RECORD (E1-E6) (cont'd)

| (Last, First MI Suffix) | | | | 2. Rate | | 3. Desig |
|---|---|---|---|---|---|---|
| GER, JOSEPH P | | | | GM2 | | |

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Progressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 38. TEAMWORK: Contributions to team building and team results | - Creates conflict, unwilling to work with others, puts self above team. - Fails to understand team goals or teamwork techniques. - Does not take direction well. | | - Reinforces others' efforts, meets commitments to team. - Understands goals, employs good teamwork techniques. - Accepts and offers team direction. | | - Team builder, inspires cooperation and progress. - Focuses goals and techniques for teams. - The best at accepting and offering team direction. X |
| NOB | | | | | |
| 39. LEADERSHIP: Organizing, motivating and developing others to accomplish goals. | - Neglects growth development or welfare of subordinates. - Fails to organize, creates problems for subordinates. - Does not set or achieve goals relevant to command mission and vision. - Lacks ability to cope with or tolerate stress. - Inadequate communicator. - Tolerates hazards or unsafe practices. | | - Effectively stimulates growth/development in subordinates. - Organizes successfully, implementing process improvements and efficiencies. - Sets/achieves useful, realistic goals that support command mission. - Performs well in stressful situations. - Clear, timely communicator. - Ensures safety of personnel and equipment. | X | - Inspiring motivator and trainer, subordinates reach highest level of growth and development. - Superb organizer, great foresight, develops process improvements and efficiencies. - Leadership achievements dramatically further command mission and vision. - Perseveres through the toughest challenges and inspires others. - Exceptional communicator. - Makes subordinates safety-conscious, maintains top safety record. - Constantly improves the personal and professional lives of others. |
| NOB | | | | | |

| 40. Individual Trait Avg. total of trait scores divided by number of graded traits. | 41. I recommend this individual for (recommend max): Assignment in Rating, Sea Special Programs, Shore Special Programs, Commissioning Programs, Special Warfare Programs, Rating Instructor Duty, Other: (Be specific) | | 42. Signature of Rater (Typed Name & Rate): I have evaluated this member against the above performance standards and have forwarded written explanation of marks 1.0 | |
|---|---|---|---|---|
| 4.00 | WCS | SAMI | GMC[signature] Date: 07SEP12 TEALL, R E, FCC(SW) | |

**43. COMMENTS ON PERFORMANCE:** * All 1.0 marks, three 2.0 marks, and 2.0 marks in Block 35 must be specifically substantiated in comments. Comments must be verifiable.
Font must be 10 or 12 Pitch (10 or 12 point) only. Use upper and lower case.

Evaluation submitted upon end of active service. A dedicated worker with an outstanding attitude, Petty Officer Berger sets the bar for high performance. He has greatly contributed to the success of GONZALEZ.
-Excellent Professional Knowledge. Greatly exceeds the expectations for in-rate knowledge GM2 Berger provided excellent weapons training to his duty section and provided in-rate training to other GM's. He played a major role in correcting over 50 material discrepancies in preparation for GONZALEZ' upcoming INSURV.
-Motivated Team Player. Assisted in the onloading of over 20 powders and projectiles as well as small arms ammunition in support of pre-INSURV events and maintenance checks.
-Outstanding Initiative. Assisted in the requalification of over 50 personnel in small arms and crew served weapons as a small arms line coach. Served as SCAT .50 Cal gunner for more than 20 Sea and Anchor evolutions. He also served as the ship's subject matter expert in regards to small arms for his extensive knowledge of firearms.
An outstanding worker technician and overall excellent Sailor. GM2 is strongly recommend for future military or government employment. He will be a great loss to GONZALEZ!

**44. QUALIFICATIONS/ACHIEVEMENTS** - Education, awards, community involvement, etc., during this period.
AWARDED: Navy and Marine Corps Achievement Medal. QUALS: Petty Officer of the Watch, Chi of the Guard, and Reaction Force Member.

| Promotion Recommendation | NOB | Significant Problems | Progressing | Promotable | Must Promote | Early Promote | 47. Retention: Not Recommended _____ Recommended X |
|---|---|---|---|---|---|---|---|
| 45. INDIVIDUAL | | | | | | X | 48. Reporting Senior Address COMMANDING OFFICER USS GONZALEZ (DDG 66) FPO AE 09570-1284 |
| 46. SUMMARY | [X] | 0 | 0 | 0 | 0 | 1 | |

| 49. Signature of Senior Rater (Typed Name & Grade/Rate): I have reviewed this evaluation of this member against these performance standards and have provided written explanation to support the marks of 1.0. | 50. Signature of Reporting Senior |
|---|---|
| [signature] Date: 07SEP12 BURKE, R T, ENS | [signature] Date: 07SEP Summary Group Average: 4.00 |

**51. Signature of Individual Evaluated.** "I have seen this report, been apprised of my performance, and understand my right to submit a statement."
I intend to submit a statement. _____ I do not intend to submit a statement. [X]

[signature] Date: 07SEP12

| 52. Type name, grade, command, UIC, and signature of Regular Reporting Senior on Concurrent |
|---|
| Date: |

# EXHIBIT C





# DEPARTMENT OF THE NAVY
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON  TENNESSEE 38055

1070
PERS 93/18455
11 May 2016

FROM:    COMMANDER, NAVY PERSONNEL COMMAND (PERS-93)

TO:    GM2 BERGER JOSEPH PAUL
███████████
BETHLEHEM PA 18020

SUBJ:    HONORABLE DISCHARGE FROM THE UNITED STATES NAVY RESERVE

1.  YOUR ENLISTMENT OR OBLIGATED SERVICE AS APPROPRIATE  EXPIRED ON THE DATE BELOW, THEREFORE YOU ARE HEREBY DISCHARGED FROM THE U.S. NAVY RESERVE AS OF MIDNIGHT OF THAT DATE

2.  YOU ARE RECOMMENDED FOR REENLISTMENT.  IF RECOMMENDED YOU MAY REENLIST AT THE NEAREST NAVY RECRUITING ACTIVITY.  REAFFILIATION WITHIN 90 DAYS FROM YOUR DISCHARGE DATE WILL QUALIFY YOU FOR CONTINUOUS SERVICE DOCUMENTS REQUIRED FOR REAFFILIATION INCLUDE THIS FORM, YOUR HONORABLE DISCHARGE CERTIFICATE (DD FORM 256N) AND YOUR REPORT OF SEPARATION FROM ACTIVE DUTY (DD FORM 214), IF YOU HAVE ANY ACTIVE MILITARY SERVICE.

3.  YOU ARE ENTITLED TO A DISCHARGE CERTIFICATE AND EMBLEM (LAPEL PIN).  IF YOU ARE INTERESTED IN OBTAINING THEM, PLEASE SUBMIT A SF 180 FORM WITH A SIGNATURE TO ORDER THE ENTITLEMENTS BY MAIL   YOU MAY ALSO FAX YOUR REQUEST TO PERS 93 AT (901) 874-2363 OR EMAIL IT TO IRR_COUNSELOR@NAVY.MIL.

4.  YOUR PERMANENT PERSONNEL RECORD IS ON FILE AT THE NAVY PERSONNEL COMMAND (PERS 313)  5720 INTEGRITY DRIVE, MILLINGTON  TN 38055.  ANY WRITTEN INQUIRIES CONCERNING YOUR RECORDS SHOULD INCLUDE YOUR FULL NAME, CURRENT ADDRESS AND DATE OF DISCHARGE FOR IDENTIFICATION PURPOSES.

*B. A. Miller*

B. A. MILLER
By direction

## PRIVACY ACT STATEMENT

1. AUTHORITY:    Authority for requesting this information is contained in 10 United States Code, Chapter 11.
   5 U.S.C. 552a(a)(7),.(b)(3) and (e)(4)(D)
2. PURPOSE:    To provide information for use in identifying individuals for issuance of discharge documents from the Navy Reserve.
3. ROUTINE USES:    Information provided is used to identify the individual and his or her service record
4. DISCLOSURE:    Disclosure is voluntary  however, failure to fully complete all portions of this form may affect timeliness of issuance of the document.

| DISCHARGE DATE | IMMEDIATELY REENLISTED | | | |
|---|---|---|---|---|
| 20160429 | NO | | | |

| NAME (LAST FIRST MIDDLE) | RATE | SOCIAL SECURITY NUMBER | BRANCH AND CLASS |
|---|---|---|---|
| BERGER JOSEPH PAUL | GM2 | | USNR |

# EXHIBIT D



## The House of Representatives

## Citation



**Whereas**, A member of Troop 347 of the Boy Scouts of America in Bethlehem and the son of Joseph and Dolores Berger, Joseph Berger has displayed steadfast commitment to upholding the ideals and time-honored traditions of Scouting by attaining the rank of Eagle Scout, an accomplishment of the highest magnitude; and

**Whereas**, The rank of Eagle Scout is the highest advancement rank that can be reached by a Boy Scout. In achieving this praiseworthy distinction, Joseph earned at least twenty-one merit badges. To fulfill his community service project requirement, he refurbished a gazebo and added a brick walkway for St. John's United Church of Christ in Bethlehem. Through initiative and by his personal example, Joseph is a living testament to the virtues of duty and citizenship that he has so genuinely and readily displayed. He truly exemplifies the admirable spirit and essence of the Boy Scouts of America.

**Now therefore**, the House of Representatives of the Commonwealth of Pennsylvania applauds Joseph Berger for excellence in his Scouting activities and earning the rank of Eagle Scout; recognizes that his dedicated efforts in pursuit of such a noble goal are truly worthy of emulation; extends best wishes for continued leadership and service to others;

**And directs** that a copy of this citation, sponsored by the Honorable Steve Samuelson on July 13, 2005, be transmitted to Joseph Berger, 3401 Lehigh Street, Bethlehem, Pennsylvania 18020.



# Certificate of Merit

presented to

## Joseph Berger

in recognition of and appreciation for

## Outstanding Achievement

and

## Distinguished Service

as an

## Eagle Scout

of the

## Boy Scouts of America



Rick Santorum
United States Senator



Presented by the President's Council on Service and Civic Participation to

# JOSEPH BERGER

in recognition and appreciation of your commitment to strengthening our Nation and for making a difference through volunteer service.

An initiative of the President's Council on Service and Civic Participation in commemoration of







BOY SCOUT TROOP 347
2128 MONTGOMERY STREET
BETHLEHEM, PA 18017
610.419.4202

January 13, 2007

To whom it may concern,

I have known Joseph Berger for the better part of 15 years, originally as my neighbor and then as a Scout of Troop 347. Joe began his Scouting career as a typical young boy with no direction and a voice that was rarely heard. Over the years Joe flourished in the program quickly advancing through the ranks. He took on more and more leadership in the Troop and rarely missed an event. In 2005 at the age of 16 Joe earned Scouting's highest rank, Eagle Scout. Even then he did not slow down with his involvement in the Troop and continued to attend weekly meetings. Joe has held many different leadership positions within the Troop and I know will make a fine addition to the United States Navy. As an Eagle Scout myself, it is with great pride that I highly recommend Joseph Berger, a fellow Eagle Scout, for whatever future endeavor military service has in store for him. Thank you for your time and may God Bless America.

Yours in Scouting,

Michael J. Koehler
Scoutmaster
Boy Scout Troop 347

# EXHIBIT E

# Northampton County Area Community College

UPON THE RECOMMENDATION OF THE FACULTY
AND BY THE AUTHORITY OF THE BOARD OF TRUSTEES

**Joseph Paul Berger**

IS HEREBY GRANTED THE DEGREE OF

**Associate in Applied Science**

**Criminal Justice**

WITH ALL RIGHTS, HONORS AND PRIVILEGES PERTAINING THEREUNTO
GIVEN UNDER THE SEAL OF THE COLLEGE AT BETHLEHEM
IN THE COUNTY OF NORTHAMPTON, PENNSYLVANIA

THIS 25TH DAY OF MAY, 2017

*Robert R. Fehnel*
Chairman of the Board of Trustees

*Mark H. Erickson*
President of the College



# DeSales University

This certifies that

## Joseph Paul Berger

by the authority of the Board of Trustees and upon the recommendation of the Faculty is hereby awarded the degree of

## Bachelor of Arts

with all the rights, honors, privileges and responsibilities pertaining to this degree.

Given at Center Valley in the Commonwealth of Pennsylvania
on this eighteenth day of May in the year of Our Lord two thousand and nineteen.

President

Provost

Chairman of the Board of Trustees

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2024, the foregoing Defendant's Sentencing

Memorandum was served upon the following parties by e-mail:

        Anthony Carissimi
        Assistant U.S. Attorney
        615 Chestnut Street, Ste. 1250
        Philadelphia, PA  19106-4476
        Anthony.Carissimi@usdoj.gov

        Brett A. White
        U.S. Probation Officer
        Allentown, PA
        Brett_White@paep.uscourts.gov

                        */s/ Susan M. Lin*
                        Susan M. Lin